No. 3812.—SUCCESSION OF WM. C. JAMES—Opposition of McFEELY to
the Tableaux of Debts.

In this case the wife became the executrix of her deceased husband's estate, and placed
herself on the tableaux, filed by her, as a creditor for the amount of her judgment
against her husband. This item on the tableaux was opposed by the creditors on the
ground that the judgment was void because it had not been executed.

Held—That it being shown by the record that the judgment of the wife against her husband
had never been executed, and that no proper effort to execute it had ever been made;
that therefore it was absolutely void, and not properly placed upon the tableaux as a
debt against the succession.

In the same tableaux the executrix refused to place a judgment against her husband upon
the tableaux as a creditor, on the ground that it involved a slave consideration. The
record of the case in which the judgment was rendered being introduced showed that the
plea of a slave consideration had been made, but the proof offered failed to establish it.

Held—That the judgment was properly ordered by the judge *a quo* to be placed upon the
tableaux as a debt against the succession.

APPEAL from the Parish Court, of Rapides. *Daigre, J.   Ryan &
White,* for plaintiff and appellant. *R. A. Hunter,* for opponent
and appellee.

TALIAFERRO, J.   The widow and executrix filed a tableaux of debts
of the succession, placing upon it her judgment against her husband
for $7600, with legal mortgage from the twenty-third of October, 1865.
This judgment was opposed on the ground that after obtaining the
judgment no ulterior means of any kind were used to enforce it, and
that it became a nullity.

Succession of James.

The executrix refused to recognize McFeely's judgment as a debt against the estate on the ground that it arose from a slave obligation and to the refusal of the judge to hear evidence to that effect, the executrix reserved a bill of exceptions. The judgment of the parish court ordered McFeely's judgment to be homologated as a valid debt against the succession, and rejected the judgment of the executrix as null and without effect. The record of the suit of McFeely v. James, the one in which McFeely obtained against James the judgment which the executrix refused to acknowledge, appears in the record. Evidence in that case was introduced to prove that the note was given for the price of a slave, but it failed to establish the fact.

There was proof in regard to the wife's judgment that it was rendered in 1865, and that no execution had ever issued upon it nor any means used to enforce it. The succession is shown to be utterly insolvent. We see no reason for remanding the case, as we think the judgment was properly rendered.

It is therefore ordered that the judgment appealed from be affirmed, the costs of appeal to be borne by the succession.